OPINION

 

No. 04-07-00072-CR

 

Murray HAMMER,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 218th Judicial
District Court, Wilson County, Texas

Trial Court No. 06-03-00078-CRW

Honorable Donna S.
Rayes, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Karen
Angelini, Justice

                        Rebecca
Simmons, Justice

                        Steven
C. Hilbig, Justice

 

Delivered and
Filed:  January 27, 2010

 

REVERSED AND
REMANDED

 

This
appeal is on remand from the Texas Court of Criminal Appeals.  Hammer was
convicted by a jury of two counts of indecency with a child.  After thoroughly
considering the issue on remand, we conclude the trial court committed harmful
error in excluding some of the evidence Hammer offered to demonstrate the
complainant’s motive to falsely accuse him of molestation.  Accordingly, we
reverse the trial court’s judgment and remand the case for a new trial.

Factual Background

The
facts giving rise to this appeal are well-detailed in the prior opinions.  See
Hammer, 256 S.W.3d 391, 392 (Tex. App.—San Antonio 2008), rev’d,
296 S.W.3d 555, 558-561 (Tex. Crim. App. 2009).  To briefly summarize, fifteen
year old P.H. went to live with her father, Appellant Murray Hammer, during the
summer of 2005.  P.H. woke up one night to find that her pants and underwear
were gone.  Hammer was standing over her.  P.H. got up, put her pants back on,
and then went to sleep in another bed.  P.H. said that she woke up a second
time to find Hammer in the bed, “kind of spooning me and he had his hands on my
crotch.”  She got up and moved back to the couch.  The next morning, P.H. “told
him that I know what happened and he told me that he didn’t remember and that
he was drunk and he told me he was really sorry.”  She did not tell anyone
about the molestation because she knew that Hammer had been drinking.  P.H.
said that, about two weeks later, she was sleeping in her grandmother’s bed
with her clothes on.  She woke up to find Hammer behind her with his hands down
the front of her pants, rubbing her vagina.  When he saw that P.H. was awake,
he jumped up and left the room.  

During
trial, Hammer’s counsel attempted to introduce evidence that P.H. had
previously falsely accused other persons of unwanted sexual contact.  Relying
on Texas Rule of Evidence 608(b), the trial court determined the prejudicial
effect of the evidence outweighed its probative value and excluded the
evidence.  Hammer’s counsel made a bill of exception with regard to the
following evidence excluded by the trial court:

(1)              
journals in the possession of child protective services allegedly
containing numerous rape allegations;

(2)              
testimony by Shonna Makuta that P.H. accused a third party of rape to
cover up her sexual encounters with a boyfriend;

(3)              
testimony by Shonna Makuta that P.H. accused other persons of molesting
her;

(4)              
testimony by Patricia Mossmeyer that P.H. asserted “every one of her
mother’s boyfriends molested her;”

(5)              
testimony by Patricia Mossmeyer that P.H. and Mossmeyer’s granddaughter
were held by five men, with knives to their throats and that they were raped;
and

(6)              
allegations that P.H. lied about skipping school.

 

Procedural Background

Hammer
argued the trial court erred in refusing to allow him to cross-examine the
complainant regarding false allegations she made against other individuals.  On
appeal, this court affirmed the trial court’s ruling.  Hammer, 256
S.W.3d at 396, rev’d, 296 S.W.3d 555.  Hammer filed a petition for
discretionary review asserting the trial court erred in excluding evidence that
P.H. had previously made a false accusation of “rape.”  The Court of Criminal Appeals
agreed and stated:

In sum, we hold that
the trial judge abused her discretion in preventing appellant from
cross-examining P.H. about the hospital incident, her allegations that “all of
her mother’s boyfriends had sexually molested her,” the incident about being
held at knife point by five men, and her statements to Shonna concerning the
purported sexual assault by Ignacio Talamendez to demonstrate her bias against
appellant and her possible motive to testify falsely against him.

 

Hammer, 296
S.W.3d at 570.[1] 
The Court reversed our judgment and remanded the case to this court for a harm
analysis.

 Harm Analysis

Because
the court erred in preventing appellant from cross-examining P.H., we must
determine whether the error was harmless.  See Hammer, 296 S.W.3d at 570;
Tex. R. App. P. 44.2(b).  Here
the erroneous admission constituted a non-constitutional error.  See Hammer,
296 S.W.3d at 570 (instructing a review “to address this issue under Rule
44.2(b)”).  Thus, under Rule 44.2(b), we disregard the error if no substantial
right has been affected.  Id.  “A substantial 

right is
affected when the error had a substantial and injurious effect or influence in
determining the jury’s verdict.”  King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750,
776 (1946)). 

As
stated above, Hammer was entitled to cross-examine P.H. about the false reports
she previously made about various sexual encounters in order to show P.H.’s “bias
against [Hammer] and to show her purported motive in falsely accusing him.”  See
Hammer, 296 S.W.3d at 567.  The trial court impeded the jury’s duty to
weigh P.H.’s credibility by preventing Hammer from both cross-examining P.H.
and from admitting evidence which would have shown “P.H.’s animus toward
[Hammer] and her desire to get out of his house.”  Id. at 569.  The
disallowed evidence “demonstrates that P.H. was not above changing her story of
a consensual sexual encounter with her boyfriend into a nonconsensual one with
someone else to prevent her father from learning the truth and presumably
punishing her for running away and having sex with [her boyfriend].”  Id.
at 566.  

These
errors by the trial court had an injurious effect on the jury’s verdict because
this is a case involving “he said, she said” that “must be resolved solely on
the basis of the testimony of [P.H.] and [Hammer].”  Id. at 568.  Because
Hammer was not permitted to cross-examine P.H. regarding her previous false
accusations, he was unable to present any evidence of P.H.’s purported motive
to fabricate allegations of sexual molestation.  We conclude that the inability
to fully present his defense affected a substantial right and was, therefore,
harmful error.  See Tex. R. App.
P. 44.2(b).  

 

 

 

 

Conclusion

Thus,
we reverse the judgment of the trial court and remand the case for further
proceedings consistent with this opinion.

 

Rebecca Simmons, Justice

 

PUBLISH









[1]
However, the Court of Criminal Appeals affirmed our previous holding that the
contents of P.H.’s journal as well as the evidence that P.H. was found “lying
on the ground with her boyfriend” were properly prohibited from being
introduced.  See Hammer, 296 S.W.3d at 569.